IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA HANRAHAN,
d/b/a La Mexicanita,

    Plaintiff,

vs.                                                       No. CIV 05-607 JP/WDS

ALLSTATE INSURANCE
COMPANY,

    Defendant.

# MEMORANDUM OPINION AND ORDER

On November 17, 2005, Defendant filed Defendant's Motion for Partial Summary Judgment (Doc. No. 12) along with a Memorandum in Support of Defendant's Motion for Partial Summary Judgment (Doc. No. 13) to which were attached:

- Exhibit A, a copy of the Allstate Business Insurance Policy which is the subject of this litigation,
- Exhibit B, Affidavit of Jason Michaels,
- Exhibit C, a copy of pages of an Examination Under Oath of Gloria Hanrahan,
- Exhibit D, a copy of a Sworn Statement in Proof of Loss,
- Exhibit E, an Affidavit of Steven Plitt with a copy of an attached Opinion Letter dated November 8, 2005,
- Exhibit F, an Affidavit of Boyd Veenstra with a copy of an attached Report.

In compliance with D.N.M.LR-Civ. 56.1(b), counsel for Defendant set forth in the Memorandum Brief a Statement of Undisputed Facts; enumerated as facts 1 through 25.

On November 29, 2005, Plaintiff filed a Response to Motion for Summary Judgment (Doc. No. 15) to which a copy of an August 29, 2005 letter to counsel for Defendant was attached. the August 29, 2005 letter requested a return of "our original documents."  In the Response to Motion for Summary Judgment (Doc. No. 15), counsel for Plaintiff stated "Plaintiff cannot under any

circumstances reasonably prepare a response to the response for summary judgment without the original receipts." Response to Motion for Summary Judgment, ¶ 4. Also on November 29, 2005, counsel filed an Affidavit (Doc. No. 16) signed by Elpidio Reyes Duran, a friend and customer of the Plaintiff. In his affidavit, Mr. Reyes expressed his personal opinion that there was "no reasonable good faith basis to deny her (Plaintiff's) claim." Affidavit, ¶ 8.

On December 13, 2005, Defendant filed a Reply in Support of Motion for Partial Summary Judgment (Doc. No. 19), to which a copy of Exhibit G, an Affidavit of Stephen M. Simone, was attached. Mr. Simone's affidavit, which is not refuted, states that in response to the request in the August 29, 2005 letter for a return of "our original documents" Mr. Simone said repeatedly, both orally and in writing, that the original documents were available to Plaintiff's counsel for review. However, as of December 13, 2005, no one on Plaintiff's behalf asked to see or made an effort to review the documents.

Neither Plaintiff nor her counsel filed an affidavit in compliance with FED. R. CIV. P. 56(f) requesting an opportunity for further discovery before responding to the Motion for Partial Summary Judgment. Neither Plaintiff nor her counsel complied with D.N.M.LR-Civ. 56.1(b) which requires a party opposing a motion for summary judgment to respond to a movant' statement of undisputed material facts in the following manner:

> "A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted."

Because Plaintiff did not controvert the material facts set forth in the twenty-five enumerated

facts listed in Defendant's statement of undisputed material facts, all of those facts are deemed admitted.  In addition, Defendant submitted affidavits of expert witnesses that constitute admissible evidence under FED. R. CIV. P. 56(e).

A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact and establishing the right to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Defendant met this burden by presenting admissible evidence along with Defendant's statement of undisputed material facts.  In this situation, the non-moving party must then come forward with evidence demonstrating that there is a genuine issue of material fact.  *Bacchus Industries, Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  The Plaintiff has failed to present admissible evidence creating a genuine issue of material fact.  The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials in that party's pleadings.  *Id.* at 891.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Partial Summary (Doc. No. 12) is granted and a separate Partial Summary Judgment dismissing Plaintiff's claims that were the subject of Defendant's Motion for Partial Summary Judgment will be entered.

```
                                        /s/ James A. Parker
                              SENIOR UNITED STATES DISTRICT JUDGE
```