IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA HANRAHAN,
d/b/a La Mexicanita,

    Plaintiff,

vs.                                                      No. CIV 05-607 JP/WDS

ALLSTATE INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 25, 2006, the Court filed a Memorandum Opinion and Order (Doc. No. 29) and a Partial Summary Judgment (Doc. No. 30). On May 11, 2006, Plaintiff filed a Motion to Reconsider Summary Judgment and/or to Vacate Summary Judgment Based Upon FRCP Rule 60(b) (Doc. No. 34). As best as the Court can determine, the Plaintiff is relying primarily on FED. R. CIV. P. 60(b)(6), although there is a reference to Rule 60(b) generally. However, Plaintiff has set forth nothing that would indicate that there is a basis for granting the relief under Rule 60(b)(1) "Mistake, Inadvertence, Surprise, or Excusable Neglect" or under Rule 60(b)(2) "Newly Discovered Evidence Which by Due Diligence Could Not Have Been Discovered in Time to Move for a New Trial Under Rule 59(b)" or Rule 60(b)(3) "Fraud . . . Misrepresentation, or Other Misconduct of an Adverse Party" or Rule 60(b)(4) "The Judgment is Void" or Rule 60(b)(5) "The Judgment Has Been Satisfied, Released or Discharged . . ." The matters recited in the Plaintiff's motion to reconsider and in the Plaintiff's memorandum of law in support of the motion to reconsider and in the affidavit of Plaintiff's counsel, Peter Everett IV, do not satisfy the Rule 60(b)(6) standard of "Any Other Reason Justifying Relief From the Operation of the Judgment." The Plaintiff has not

complied with the Local Rules by identifying which of the Defendant's enumerated statements of material fact are challenged and by setting forth "a concise statement of the material facts as to which the [Plaintiff] contends a genuine issue does exist."  D.N.M.LR-Civ. 56.1(b).  Moreover, Plaintiff has failed to number each fact in dispute and has failed to "refer with particularity to those portions of the record upon which the [Plaintiff] relies . . ."  Id.  Hence, all of the material facts set forth by the Defendant are deemed admitted.  Id.  In addition, Plaintiff still has not filed an affidavit under Rule 56(f).  At most, Plaintiff's attorney has stated in his affidavit "The Defense's offer to review and inspecting (sic) the documents at the Defense's office was rebuked as an improper environment to perform the analysis and tests and have the copies made and examined by Plaintiff and Plaintiff's expert, if necessary."  There is no explanation for this statement and part of it is rather disingenuous.  The deadline for Plaintiff identifying Plaintiff's experts was October 10, 2005.  Plaintiff has never identified an expert and it is way too late to do so now.  Consequently, there would have been no need for "Plaintiff's expert" to have the original documents because there is no Plaintiff's expert.

Having considered Plaintiff's Motion to Reconsider Summary Judgment and/or to Vacate Summary Judgment Based Upon FRCP Rule 60(b) (Doc. No. 34), the related briefs, and the Affidavit in Support of Reconsidering Summary Judgment (Doc. No. 36), the Court concludes that the Plaintiff has not shown a basis for relief under FED. R. CIV. P. 60(b) and the motion to reconsider should be denied.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Reconsider Summary Judgment and/or to Vacate Summary Judgment Based Upon FRCP Rule 60(b) (Doc. No. 34) is denied.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE